UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MD PRODUCE CORP.,

                Plaintiff,

                -against-

231 FOOD CORP. and RAFAEL MONTE DE
OSCAR,

                Defendants.
----------------------------------------------------------X

**DECISION AND ORDER**
13-cv-4684 (ADS)(SIL)

**APPEARANCES:**

**Murphy & McKenna**
*Attorneys for the Plaintiff*
1270 Avenue of the Americas
16th Floor
New York, NY 10020
    By:    Bryan A. McKenna, Esq., Of Counsel

**Law Offices of Andrew J. Spinnell, LLC**
*Attorneys for the Defendants*
286 Madison Avenue
21st Floor
New York, NY 10017-6368
    By:  Andrew J. Spinnell, Esq., Of Counsel

**SPATT, District Judge.**

On August 20, 2013, the Plaintiff MD Produce Corp. (the "Plaintiff") commenced this action against the Defendants 231 Food Corp. and Rafael Monte De Oscar (the "Defendants") pursuant to Section 5(c)(5) of the Perishable Agriculture Commodities Act, 7 U.S.C. § 499e(c)(5). On August 21, 2013, the Plaintiff served the Defendants with a copy of the summons and complaint.

1

Thereafter, attorneys for the Plaintiff engaged the Defendants' former counsel Sanford Goldberg, Esq. in settlement negotiations. Goldberg did not file an appearance nor did the Defendants file an answer to the complaint.

On September 4, 2014, the Clerk of the Court noted the default of the Defendants. On October 3, 2014, the Plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2).

On October 6, 2014, the Court referred this matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On October 15, 2014, the Law Offices of Andrew J. Spinnell, LLC filed a notice of appearance on behalf of the Defendants.

On November 16, 2014, the Defendants moved pursuant to Fed. R. Civ. P. 55(c) to set aside the default and to compel the Plaintiff to accept the Defendants' proposed answer.

On December 8, 2014, the Defendants moved pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss this action for improper venue or, in the alternative, pursuant to 28 U.S.C. § 1406(a) to transfer the venue to the United States District Court for the Southern District of New York.

With regard to the Defendants' challenge to venue in this District, the Court finds that they have waived that defense by their default. As one treatise explains, "proper venue is not essential to a valid judgment; therefore a venue defect will be waived by failing to appear and suffering a default judgment." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2695 (3d ed. 1998); see also Hoffman v. Blaski, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)("a defendant, properly served with process by a

court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default.").

This conclusion is not altered by the fact that, as explained later, the Court vacates the underlying default against the Defendants. The Defendants are not free of fault for their failure to appear, and, therefore, they are reinstated to this lawsuit on the condition that they have waived the defense of improper venue by failing to timely raise the issue in response to the complaint. Saunders v. Morton, 269 F.R.D. 387, 401 (D. Vt. 2010)(recommending reinstatement of the defendant to the suit, following entry of judgment and default against him, on the condition that he waived the defense of improper venue by failing to timely raise it in response to the complaint.); 10A Wright, Miller & Kane § 2700 ("The court's inherent power and use of discretion . . . enables it to set aside default entries on various conditions.").

As stated above, the Court grants the Defendants' motion to set aside the default. Federal Rule of Civil Procedure 55(c) requires "good cause" to set aside an entry of default. The determination of "good cause" requires the Court to exercise its discretion in considering three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 33 (2d Cir. 2012). "This test should be applied in the context of the general preference 'that litigation disputes be resolved on the merits, not on default.'" Citadel Mgmt. Inc. v. Telesis Trust, Inc., 123 F. Supp. 2d 133, 142 (S.D.N.Y. 2000)(quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)).

In this case, the Defendants contend that they failed to file a timely answer due to ongoing settlement negotiations between the parties.

3

Some courts have held that "a good faith belief that an action will settle constitutes a reasonable basis for failing to interpose an answer." State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 246 F. Supp. 2d 231, 250 (S.D.N.Y. 2002)(citing Gonzalez v. City of New York, 104 F. Supp. 2d 193, 196 (S.D.N.Y. 2000)("defendant's counsel held the reasonable belief that the action would be settled, thereby obviating the need for a formal response")); Joe Hand Promotions, Inc. v. Capomaccio, No. 09 Civ. 6161(MAT), 2009 WL 3268558, at *3–4 (W.D.N.Y. Oct. 6, 2009)(default not willful where communications between the parties' attorneys regarding settlement supported impression that the parties would resolve action without court intervention).

In Gonzalez, the court found that the default was not willful because counsel for the defendants had explained that he did not believe a formal response was required while the parties were engaged in good-faith settlement negotiations. See id. In addition, the Court noted that "[a]lthough the individual defendants should have answered despite settlement negotiations, their failure to do so does not evince the type of bad faith which would warrant default judgments against them." Id.

Other courts, including those in this circuit, have declined to find that a litigant's belief that a case would be settled constituted "good cause" for not filing an answer or otherwise responding to a pleading. See Labarbera v. Interstate Payroll Co., Inc., No. 07-CV-1183 (FB)(MDG), 2009 WL 1564381, at *2 (E.D.N.Y. June 2, 2009)("[the] defendants' willful choice to ignore this litigation in the hopes that it would be resolved out of court is not good cause."); Directv, Inc. v. Rosenberg, No. 02 Civ. 2241 (RCC), 2004 WL 345523, at *2 (S.D.N.Y. 2004)(refusing to vacate default judgment where the defendant's "failure to appear . . . [was] due to his understanding that the matter would be resolved through settlement"); Int'l Painters &

Allied Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 28 n. 4 (D.D.C. 2003)(noting that the Gonzalez holding "does not represent the majority view").

However, this Court follows Gonzalez and finds that, depending on the particular case, a good faith belief that the matter would be settled without judicial intervention may preclude a finding of "willfulness." Here, in the Court's view, the "[d]efendants' explanation is not indicative of willful evasion of a duty to respond, or of egregious or deliberate conduct ignoring the service of process, that would support a finding of willfulness." Joe Hand Promotions, 2009 WL 3268558, at *4. "In addition, [the Defendant[s'] engagement of counsel suggests his intention to defend against the instant lawsuit, albeit belatedly." Linkov v. Golding, No. 12-CV-2722 (FB)(LB), 2013 WL 5922974, at *4 (E.D.N.Y. Oct. 31, 2013); cf. Dixon v. Ragland, No. 03 Civ. 0826 (LTS)(KN), 2005 WL 2649484, at *2 (S.D.N.Y. Oct. 14, 2005)("[W]here there is no evidence that a client has diligently sought out counsel, the courts are more likely to conclude that a party's inaction is willful.").

The Defendants and their counsel attest that the failure to respond to the complaint stemmed from the parties' efforts to resolve this matter in another forum. Therefore, the Court finds that the default is "satisfactorily explained" and was not willful. SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

The second factor for the Court to consider is whether the Defendants have demonstrated the existence of a meritorious defense to the Plaintiff's claims. Although a defendant must do more than merely "alleg[e] that a defense exists," Dudley v. Pendagrass, No. 06–CV–216 (RJD)(LB), 2008 WL 4790501, at *4 (E.D.N.Y. Oct. 31, 2008), courts in this Circuit routinely recognize that a defendant need only "meet a low threshold" to satisfy this factor. See e.g., Allen v. Norman, No. 08 Civ. 6041 (BSJ)(HBP), 2012 WL 3525584, at *6 (S.D.N.Y. July 23,

5

2012)("[W]hether a meritorious defense is presented requires only that the defendant meet a low threshold"); Woodson v. Loram Maintenance of Way, Inc., No. 10–CV–6263L (DGL), 2011 WL 3608232, at *1 (W.D.N.Y. Aug. 12, 2011)("With regard to the meritorious defense component, the Second Circuit has held that only a 'low threshold of adequacy' need be shown . . . ."(quoting Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981))). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron, 10 F.3d at 98; see also Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, No. 05 Civ. 10098 (CSH), 2006 WL 2850210, at *1 (S.D.N.Y. Oct. 4, 2006)("[T]he defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted."); Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)("Likelihood of success is not the measure. [The Defendants'] allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense.").

In this case, the Plaintiff alleges that the Defendants owe a balance of $65,975.72 for produce delivered to them during the period between January 28, 2013 and June 4, 2013. The Defendants contend that they made this payment, and in support of the merits of this defense, they attach copies of checks cashed by the Plaintiff during the time period it alleges it was not properly compensated. This is the type of evidence which, if submitted and proven credible at trial, "would constitute a complete defense." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). Indeed, "in the context of a motion to vacate a default, a defense that the parties were properly paid constitutes a 'meritorious defense.'" Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 81 (E.D.N.Y. 2010); Franco v. Ideal Mortg. Bankers, Ltd., 07–CV–3956 (JS)(AKT), 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010)(holding that the defense that "the employees

6

were paid all wages due to them under FLSA" constituted a meritorious defense for the purposes of vacating an entry of default).

The third and final factor for the Court to consider in deciding the Defendants' motion to vacate the default is whether the Plaintiff would be prejudiced if the motion were granted. "Prejudice results when delay causes 'the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion.'" Ward v. Ramkalawan, No. 11–CV–4295 (JS)(ARL), 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013)(quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). Accordingly, "delay alone is not a sufficient basis for establishing prejudice." Id.

Here, the Plaintiff fails to specify any particular prejudice it would suffer as a result of vacating the default. The delay occasioned thus far by the Defendants' default, while spanning more than a year, has not been so prolonged as to raise a serious risk of lost evidence or increased difficulties of discovery. The Court also notes that the Plaintiff did not move for a certificate of default until June 19, 2014 and some of the delay in this litigation arose as a result of the parties' consensual agreement to engage in settlement negotiations. Therefore, the Court concludes that vacating the Defendants' default would cause the Plaintiff no cognizable prejudice.

For the foregoing reasons, the Court (1) denies the Defendants' motion to dismiss this action and/or to transfer venue (docket no. 20); (2) grants the Defendants' cross-motion to set aside the entry of default and compel acceptance of the Defendants' proposed answer (docket no. 19); (3) vacates the certificate of default entered on September 4, 2014; (3) denies as moot the Plaintiff's motion for a default judgment (docket no. 13); (4) vacates the Referral Order entered

on October 6, 2014; and (5) directs the Defendants to file their answer within 7 days of the date of this order.

**SO ORDERED.**

Dated: Central Islip, New York
December 29, 2014

*Arthur D. Spatt*_____
   ARTHUR D. SPATT
United States District Judge